# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

SHERRY EVANS CARMICHAEL, Individually,
and JEFF CARMICHAEL, Individually and as
Guardian and Next Friend of TIA
CARMICHAEL, a Minor,

       Plaintiffs,

v.                                Civil No. 04-1119 WJ/ACT

THE UNITED STATES OF AMERICA and
THE FEDERAL EMERGENCY MANAGEMENT
AGENCY,

       Defendants.

### MEMORANDUM OPINION AND ORDER OVERRULING PLAINTIFFS' OBJECTIONS TO MAGISTRATE RULING

THIS MATTER comes before the Court pursuant to Plaintiffs' Motion for Relief from the Court Order Denying Plaintiffs' Request for a Delay of the Evidentiary Hearing (Doc. 39). Having reviewed the objections and being fully advised on the law, I find the objections are not well taken and will therefore overrule them.

Plaintiffs filed a motion on May 12, 2006 requesting that the Magistrate extend them an additional 90 days to retain counsel (Doc. 36). By Order filed May 22, 2006, United States Magistrate Judge Torgerson denied Plaintiffs' motion and ruled that the July 7, 2006 evidentiary hearing in this case would not be continued. Plaintiffs filed the instant objections to the Magistrate's Order arguing that they have new information that should be considered and that they will provide to the Court in the future. They contend that one attorney interested in their

case has a scheduling conflict with the July 7, 2006 evidentiary hearing.  They also contend that there are several other attorneys interested in their case.

While the matter set for evidentiary hearing on July 7, 2006 was referred by me to Judge Torgerson under Fed. R. Civ. P. 72(b), the scheduling of the hearing and denial of Plaintiffs' motion for additional time is a nondispositive matter under Fed. R. Civ. P. 72(a).  Under Rule 72(a) the District Judge "shall consider [objections made by the parties] ... and shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636 (b)(1)(A).  The Seventh Circuit has stated that a decision, to be found erroneous, "must strike us as more than just maybe or probably wrong; it must ... strike us as wrong with the force of a five-week-old, unrefrigerated dead fish."  Parts & Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 233 (7th Cir. 1988).  In the case of Judge Torgerson's Order, no such odor is detectable, and, in fact, the Court does not detect any negative odor of any kind.

If an attorney enters an appearance on behalf of Plaintiffs, that attorney should inform the Magistrate of any scheduling conflict with the Court's settings and request appropriate relief.  The Court need not consider the scheduling conflicts of an attorney who has not entered an appearance in this case.  With regard to the time a new attorney might need to prepare for a hearing, an attorney who enters an appearance in the case may move the Court for additional time to prepare.  The Court need not continue a hearing based on speculation that some potential, but as yet unidentified, attorney needs time to prepare.

Plaintiffs complain that they are being forced to represent themselves *pro se*.  Plaintiffs may retain any attorney admitted to practice in this Court, and such an attorney may enter an appearance on behalf of the Plaintiffs at any time.

This case has been pending for over a year and a half.  I referred Plaintiff's objections to the administrative record to Judge Torgerson in December 2005.  This matter has already been delayed by the withdrawal of Plaintiffs' counsel and by acute health problems of a Government witness.  Judge Torgerson has every reason to want to avoid any further delay absent a showing of good cause.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Relief from the Court Order Denying Plaintiffs' Request for a Delay of the Evidentiary Hearing (Doc. 39) is hereby DENIED and Plaintiffs' objections are accordingly OVERRULED.

_____
UNITED STATES DISTRICT JUDGE